IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN M. NICHOLS                                                                                                   PLAINTIFF

v.                                            Civil No. 4:23-cv-04013

DAISY SMITH; KAREN GHROMLEY;
and CORRECTIONAL OFFICER
CAMERON SHELTON                                                                                              DEFENDANTS

## ORDER

Plaintiff, John M. Nichols, filed this 42 U.S.C. § 1983 action *pro se* on February 7, 2023, in the Eastern District of Arkansas. (ECF Nos. 1, 2). Plaintiff's Complaint was transferred to this Court on February 10, 2023. (ECF No. 3). The Court granted Plaintiff's *in forma pauperis* application on May 11, 2023. (ECF No. 14). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

On May 11, 2023, the Clerk of the Court entered an Order regarding Plaintiff's initial filing fee pursuant to the Prison Litigation Reform Act. (ECF No. 15). In this Order, Plaintiff was directed to keep the Court informed of his mailing address. *Id*.

On May 24, 2023, the Court received returned mail sent to Plaintiff's address of record and marked as undeliverable.[1] (ECF No. 16). The Court received a second piece of mail sent to Plaintiff's address of record returned as undeliverable on June 5, 2023. (ECF No. 19). The third and final returned mail was received by the Court on July 5, 2023. (ECF No. 23).

Plaintiff has failed to update his address of record or communicate with the Court in any

---

[1] On March 20, 2023, the Court also received returned mail sent to Plaintiff; however, the Court resent this mail to the Hot Spring County Jail per the return address on Plaintiff's Complaint. (ECF Nos. 2, 9). Plaintiff then participated in prosecuting this matter between March 20, 2023, and May 9, 2023.

way since May 9, 2023 when he filed his Amended Complaint and IFP Application. (ECF Nos. 12, 13).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey the Order to keep his address of record updated and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 15th day of August, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge